Kirkpatrick, C. J.
Was of opinion, that the certificate of discharge, created no bar to the action ; and therefore, that the judgment be reversed.
Pennington, J.
The first error assigned for the reversal of the judgment of the justice, is, that the justice admitted in evidence, a certificate of a discharge of the defendant, under the insolvent law of the State of Ncw-York, not duly certified according to law.
The party complaining of this, had codnsel in the court below’, and did not take the objection there; and therefore, cannot avail himself of it here.
The second objection is found on the record, to wdt, that the justice admitted a bound printed volume of the laws of the State of New-York, to be given in evidence, although objected to at the time. It was proved by an attorney at law of the State of Ncw-York, that the volume of law’s read, was universally received in the State of New-York, as the statutes of that State; in this, I think the justice did right.
The third error relied on is, that the discharge itself, ivas not proper evidence to go to a jury, as containing no legal defence. The effect in one State, of a discharge under the insolvent laws of another State, is a question of considerable importance in this country, much litigated, but as far as I have been able to trace it, never satisfactorily settled. Much depends on the circumstances and facts in the case. In this case, it appears from the record of the justice, that the action was brought on a sealed bill, dated in Pennsylvania, in April, 1799; that the defendant was discharged by the Court of Common Pleas of the county of Dutchess, in the State of New--York, from all his debts, under what is there called the three-fourth act; [*] this was in 1805. The discharge sets out the defendant to be of Dutchess county, but late of the City of New-York. It is admitted that the parties resided in Pennsylvania at the time of the contract.— *592 No objection is taken to the regularity of the proceedings in New-York in obtaining the discharge; we may therefore consider the law of that State as regularly pursued.
"Hubcrus lays down as a maxim, this position, that “bailie courtesy of nations, whatever laws are carried into execution within the limits of any government, are considered as having the same effect every where, so far as they do not occasion a prejudice to the rights of the other government; or their citizens.” A sentence pronounced in any country, or a pardon granted by those who have jurisdiction, has equal effect every where; subject however, as I presume, to the same exception as in the foregoing rule.
The obligation of respect and comity, which every sovereign indeperidant State is bound id pay to the laws of other States, is very much increased in the States composing the American Union, from the political relations in which they stand to each other, as members of one great Confederacy, constituting a Federal Commonwealth. It is true, this does not create an absolute binding authority in the law of one State, in the territory of the other; but in reason and policy, it greatly adds totlie respect in one nation, paid to the laws and public' acts of another. The law of New-York is a reasonable, humane, and equitable law, made for general purposes, having no partial or local views, and putting the citizens of other States, on a footing with their own, and is in the nature of a general bankrupt law; and although the courts of Pennsylvania might see cause to say that this law of the State of New-York, in the making of which, we had rid voice, has done an injury to one of our citizens,-by absolving his debtor from the obligation of paying his debt, and therefore under [*]. the exception of the before cited rule, we will in our decisions, disregard it; yet I cannot think that it would be correct for the courts of another State to say, .that because this law of the State of New- York may have done an injury to a citizen of Pennsylvannia, we will also disregard it. We cannot say that this law has done an injury to the. Government of New-Jersey, nor to any citizen thereof; in fact, if we should disregard this law, we should go further than the courts of Pennsylvania have done in favor of their Own citizens, 1 Dal. 229, 294. We are riot bound to go further in vindicating the rights of a citizen of Pennsylvania, in hostility to an act of a sister State, than the courts of Pennsylvania have done' in respect to citizens of their own State. The lex loci contractus is riot- brought in question. . There is no controversy as to the construction of the contract. The only point raised is as to the validity of the exemption or discharge.■ I believe that all the States *593 in the Union either have, or have had, insolvent laws. Great inconvenience* and often-times oppression* would arise from confining the operation of those laws to the States in which they were enacted. A man after giving tip all his property, aCCdrding to the provision of a law where he then is, and thereby obtaining a discharge from his debts, by passing a territorial line* perhaps not a stoned tlii'ow front his residence, Would be liable to be imprisoned for life* deprived Of tile means of making terms with his Creditors, or perhaps, after lying in prisoti a considerable time, he is permitted to go through the mockery of a second assignment of his property, in which the creditor gains nothing but the privilege of paying a heavy bill of cost.
If the plaintiff had Made out a case of palpable fraud* on the part of the defendant, Or a collusive evasion Of the laws of his own State* or that of New- York, I will not say but that it might have altered the case. We might in such case, not think it our duty to carry our comity to the laws of a sister State, so far [*] as to protect fraud, and screen the delinquent; but as this caséis circumstanced, I think the defence ought to be supported, and the judgment af* firmed.
Rossell, J.
I have inclined to an opinion, that the dis* charge, under the circumstances of the Case, was not a sufficient bar to the action; but on looking into the cases reported in Dallas, I am led to think, that the courts iri Pennsylvania would receive the discharge as a Valid act; and they cannot expect that we should go further in protect* ing their citizens against the laWr and jtidicial proceedings of a sister State, than they themselves would do; 1 there* fore acquiesce in affirming the judgment.
Judgment affirmed; (a)

 Contra South. 192, 466; S Halst. 208 Vid; 4 Wheat. 197.